

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUN -1  P 2: 55

LORETTA G. WHYTE
       CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM OLLIS | CIVIL ACTION |
| versus | NO. 00-0126 |
| BURL CAIN, WARDEN | SECTION "A" |

### ORDER AND REASONS

Before the Court are the objections of petitioner William Ollis to the Report and Recommendation of the Magistrate Judge that Ollis' petition for federal *habeas corpus* relief pursuant to 28 U.S.C.. § 2254 be "denied with prejudice as untimely."

Ollis is a white state prisoner serving a life sentence following a conviction for second-degree murder. In this application, he contends that his constitutional rights were violated by the exclusion of black citizens from the position of Grand Jury foreperson in the Parish where he was charged and convicted.[1] Because the issue is the timeliness of the petition, the facts of the crime for which petitioner was convicted are irrelevant as to his application.

---

[1] He asserts that the parish historically excluded black citizens from the position of Grand Jury foreperson; that the trial court in Ollis' case demonstrated racial bias when he selected a white as the foreperson of the Grand Jury which indicted Ollis; that his counsel was ineffective in failing to assert the first two claims in state court; and that the state court erred in not granting him a hearing on all these allegations.

DATE OF ENTRY
JUN 0 1 2000



As relevant to this matter, 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]

* * *

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ....

* * *

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitation in § 2244(d)(1)(A) became effective on April 24, 1996. A state prisoner whose conviction became final before that date had a year, *i.e.*, until April 24, 1997, to timely file an application for federal *habeas corpus* relief. *Flanagan v. Johnson*, 154 F.3d 196, 201-202 (CA5 1998). Petitioner Ollis' conviction became final in 1983.[2] This application was filed in 1999. Thus, the application was untimely under § 2244(d)(1)(A).

Ollis contends, however, that his application was timely pursuant to § 2244(d)(1)(C) and (d)(2). That contention is based on the holding in and the publication of *Campbell v. Louisiana*, --- U.S. ---, 118 S.Ct. 1419 (1998).

---

[2] *State v. Ollis*, 430 So.2d 668 (La.1983)(Table).

2

In *Campbell*, the Court held for the first time that a white defendant has standing to assert that his conviction was tainted by the exclusion of black citizens from the position of Grand Jury foreperson. Ollis posits that *Campbell* established a new rule of law that is applicable to him, and pursuant to Section 2244(d)(1)(C) the publishing of that opinion began a new one-year limitation period for him to assert the claims herein. Ollis further contends that pursuant to § 2244(d)(2) the start of the new limitation period was delayed by his state court post-conviction application in which he asserted *Campbell*. Two matters are fatal to Ollis' contentions.

*Campbell* did not start a new limitation period for Ollis. To begin a new one-year limitation period under § 2244(d)(1)(C), a Supreme Court opinion must announce a new rule of constitutional law and must be "retroactively applicable to cases on collateral review," such as the instant petition. The only federal court to consider the matter has held that the new rule set out in *Campbell* is not to be retroactively applied to cases on collateral review. *Coe v. Bell*, 161 F.3d 320, 352-355 (CA6 1998), *cert. denied*, --- U.S. ---, 120 S.Ct. 110 (1999). Thus, the time limitation applicable to the instant application expired on April 24, 1997, and was not revived by *Campbell*.

Furthermore, if the publication of *Campbell* had started a new limitation period, the instant application would still be untimely. The filing of a state post-conviction application does not prevent the beginning of the one-year limitation period until

the state application is finally decided. *Flanagan, supra*, 154 F.3d, at 199 n.1. Any part of the year which passed before the filing of the state application "must be counted against the one year period of limitation." *Ibid*.

The opinion in *Campbell* was published April 21, 1998. Ollis did not file his state court application asserting *Campbell* until 364 days later, on April 20, 1999. That application was pending until November 5, 1999, when the state supreme court denied writs in the case.[3] The instant application was filed 37 days after that, on December 12, 1999. The total of the time between *Campbell* and the filing of the state application and the time between the finality of the state matter and the filing of the instant application was 401 days. Even if *Campbell* were applicable herein, petitioner Ollis did not file the instant application within the one-year period of limitation.

The petition of William Ollis for relief through a federal writ of habeas corpus was not filed within the one-year limitation period required by 28 U.S.C. § 2244(d). Accordingly, the petition is **DENIED** with prejudice.

New Orleans, Louisiana, this 1st day of June, 2000.

_____
UNITED STATES DISTRICT JUDGE

---

[3] *State ex rel. Ollis v. State*, 706 So.2d 989 (La.1998).